ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2011 NOV 28  PM 12: 10

DEPUTY CLERK_____NT_____

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

WAYNE H. NORMAN

PLAINTIFF,

CIVIL ACTION NO: 3-11CV3275-M

JURY DEMAND

ALLIANCE FUNDING, LLC

DEFENDANT,

## JURISDICTION

1. This action arises out of the Defendants' repeated violation of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692, et seq. ("FDCPA"), and the invasion of the

Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. section 1367

3. Venue is proper in this District pursuant to 28 U.S.C. section 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this

action occurred in this District.

## PARTIES

4. The Plaintiff, Wayne H. Norman ("Plaintiff"), is an adult residing in Dallas County, and is a "consumer" as the term is defined by 15 U.S.C. section 1692a(3).

5. Defendant Alliance Funding, LLC ("AF"), is a Florida business entity with an address of 5718 W. Sunrise Blvd., Plantation, Fl. 33313, operating as a collection agency

and is a "debt collector" as the term is defined by 15 U.S.C. section 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. THE DEBT

6. The Plaintiff incurred a financial obligation (the "Debt") to Great Sky Finance, LLC (the "Creditor").

7. The debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under

15 U.S.C. section 1692a(5).

8. The debt was purchased, assigned or transferred to Alliance for collection, or Alliance was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. section 1692a(2).

## B. ALLIANCE ENGAGES IN HARASSMENT AND ABUSIVE TACTICS

10. The Defendant repeatedly called the Plaintiff's cellular phone line in an attempt to collect the Debt with the intent to annoy and harass.

11. The Defendant repeatedly called leaving pre-recorded automated messages for the Plaintiff to call ""1-800-772-2730".

12. The Defendant called Plaintiff again on May 23, 2011, in which Plaintiff asked the collection agent "Shirley" to mail alleged debt information to home address and cease and

desist calling cellular phone.

13. The Defendant called several times after cease and desist request leaving pre-recorded automated message for the Plaintiff to call "1-800-772-2730".

14. The Defendant failed to inform the Plaintiff of his rights under the state and federal laws by written correspondence within (5) days after initial communication, including the right

to dispute the Debt.

15. The Defendant failed to properly validated the alleged "debt" and continued collection efforts during the debt validation period.

16. The Defendant failed to cease collection efforts after Plaintiff emailed Todd F. Krause, Collections Supervisor for Alliance informing him to cease and desist communications via email,

cell, and mail on 6/23/2011.

17. The Defendant continued harassing collection efforts approximately seven (7) more times after being told via email communication to cease and desist.

### C. PLAINTIFF SUFFERED ACTUAL DAMAGES

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered from anger, emotional distress, and frustration.

### COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. SECTION 1692, ET SEQ.

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. section 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversation, with the

intent to annoy and harass.

21. The Defendants' conduct violated 15 U.S.C. section 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

22. The Defendants' conduct violated 15 U.S.C. section 1692g(a)(2) in that Defendant failed to send the Plaintiff notice stating the name of the original creditor to whom the

Debt was owed.

23. The Defendants' conduct violated 15 U.S.C. section 1692g(a)(3) in that Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the

Debt within thirty days.

24. The Defendants' conduct violated 15 U.S.C. section 1692(a)(4) in that Defendant failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have

verification and judgment mailed to the Plaintiff.

25. The Defendants' conduct violated 15 U.S.C. section 1692g(a)(5) in that Defendant failed to send the Plaintiff a validation notice containing the name and address of the original

creditor.

26. The Defendants' conduct violated 15 U.S.C. section 1692c(c) in that Defendant continued to send Plaintiff collection notices after the Plaintiff notified Defendant orally and in

writing to cease and desist communication.

27. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICE ACT

### TEX. FIN. CODE ANN. SECTION 392, ET AL.

28. Plaintiff incorporates by references all of the above paragraphs of this Complaint as though fully stated herein.

29. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. section 392.001(1).

30. The Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. section 392.001(6) and (7).

31. The Defendant caused a telephone to ring repeatedly, with the intent to annoy or abuse Plaintiff, in violation of Tex. Fin. Code Ann. section 392.302(4).

32. The Defendant called the Plaintiff and failed to identify the name of the debt collection agency or the individual debt collector, with the intent to annoy and harass,

in violation of Tex. Fin. Code Ann. section 392.302(2).

33. The Defendant failed to clearly disclose the name of the debt collector or debt collection agency when making a demand for money from the Plaintiff, in violation

of Tex. Fin. Code Ann. section 392.304(4).

34. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. section 392.403(a)(1) and (2) and remedies under the Tex. Bus. & Comm.

Code section 17.62 pursuant to Tex. Fin. Code Ann. section 392.404(a).

## COUNT III

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. SECTION 227, ET SEQ.

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Without prior consent the Defendant contacted Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of

47 U.S.C. section 227(b)(1)(A)(iii).

37. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the

above cited provisions.

38. The Plaintiff is entitled to damages as a result of the Defendants' violation.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant:

   a) Actual damages pursuant to 15 U.S.C. section 1692k(a)(1);

   b) Statutory damages of $1,000 for each violation pursuant to 15 U.S.C. section 1692k(a)(2)(A);

   c) Injunctive relief pursuant to Tex. Fin. Code Ann. section 392.403(a)(1);

d) Actual damages pursuant to Tex. Fin. Code Ann. section 392.403(a)(2);

e) Remedies under Tex. Bus. & Comm. Code section 17.62 pursuant to Tex. Fin. Code Ann. section 392.404(a);

f) Statutory damages pursuant to 47 U.S.C. section 227(b)(3)(B) & (C)

g) Actual damages from the Defendant for the emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations;

h) Such other and further relief as may be just and proper.

Respectfully Submitted,

Wayne H. Norman

3800 Braden Lane

Arlington, Texas 76016

(682) 241-8688

whnorman@hotmail.com

JS 44 (TXND Rev. 2/11) ORIGINAL

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
WAYNE H. NORMAN

### DEFENDANTS
ALLIANCE FUNDING, LLC

(b) County of Residence of First Listed Plaintiff: DALLAS
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: BROWARD
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known): 3-11CV3275-M

RECEIVED BY NOV 28 2011 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ■ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ■ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ■ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ■ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | | ☐ 862 Black Lung (923) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ■ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692 et seq, 47 USC 227 et seq.
Brief description of cause: VIOLATION OF DEBT COLLECTION PRACTICES

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ■ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___